## A. W. DIBRELL V. P. D. SMITH.

1. As a general rule a guardian cannot release a security belonging to his ward; yet upon his payment in full of all obligations to his ward, and becoming the owner of the debt affected by such release, his release will be valid against him in favor of those acting upon the faith of such release.

2. The vendor's lien is not affected by a mere change in the form of the security, and may be enforced against a purchaser at execution sale with notice of the lien.

APPEAL from Comal. Tried below before the Hon. I. N. Everett.

Paris Smith, as administrator, sold a tract of land, and it was purchased by J. Q. St. Clair, for which he gave his note, with A. N. Erskine and A. W. Dibrell sureties. The administration was closed up, and the note delivered to appellee as guardian of certain of the heirs of deceased. St. Clair wished to sell the land, and could not do so while the mortgage for the purchase money was subsisting.

It was finally agreed between the guardian, Dibrell, Erskine and St. Clair, that the mortgage made by St. Clair to the administrator should be released, and Dibrell and Erskine should give their individual notes to the guardian, each for one-half of the purchase money due from St. Clair. This arrangement was consummated. Dibrell paid his half, and this suit was brought against Erskine and Dibrell for Erskine's half. Dibrell was made a party in order to obtain a decree to sell the land for the debt, Dibrell and Erskine having bought the land from St. Clair after the mortgage had been released.

The case has been here before. (See Smith v. Dibrell, 31 Texas, 239.)

The case was again tried, and Smith obtained a judg-

ment against Dibrell personally, and a decree to sell the land. From this judgment Dibrell appealed.

*John Ireland*, for appellant, cited Christman v. Wright, 3 Jud. Eq., 549; Bothan v. McIntire, 19 Pick., 346; Yerger v. Jones, 16 How., 30; Story on Contracts, Sec. 995; Young v. Wood, 11 B. Mon., 123; Fountain v. Anderson, 33 Ga. R., 372; Reynolds v. Dechaums, 24 Texas, 174; Week v. Robeo, 42 N. H., 316; Warnel v. Williams, 19 Texas, 180; Freem. Ch. R., 460; Autrey v. Whitmore, 31 Texas, 627; Paschal's Digest, Article 1333; Crayton v. Munger, 9 Texas, 285; Paschal's Digest, Articles 3894, 3895.

*White & Goodrich*, for appellee, cited 31 Texas, 239, Smith v. Dibrell; 27 Texas, 247, Monroe v. Buchanan; 25 Texas, 47, Trammell v. Swann; 33 Texas, 250, Edmonson v. Garnett.

WALKER, J.—We have no doubt of the correctness of the decision of this case as reported in 31 Texas, 239, on the facts as the case was then presented to the court; but there are other principles drawn into this case which were either not before the court, or which are not considered in the reported case.

Smith took upon himself the risk of violating the law by releasing the mortgage which secured his trust fund. He has honorably met that risk by assuming and paying the debt to his wards; he is no longer a trustee for them in this behalf; in his relation to the appellees, he is completely divested of his fiduciary capacity, and he in this case must be held as any other person acting *sui juris*.

In this view of the case we are of opinion that he cannot hold Dibrell for Erskine's debt. But there may be a question whether the land purchased by Erskine, and now owned by Dibrell, is not bound by a vendor's lien,

unless it should be held that the vendor's lien was lost by the taking personal security, or that it was merged into the mortgage and expressly released.

Should it appear that Dibrell has been guilty of any fraud in procuring the release of a mortgage by Smith, in order that he might seize upon Erskine's share of the land and sell it to pay a debt to himself, equity might uncover and redress such a transaction.

The judgment of the District Court must be reversed and the cause remanded.

Reversed and remanded.

Opinion rendered October 14, 1873.

Motion for rehearing continued.

On Rehearing.

Reeves, Associate Justice.—After a careful examination of the record and briefs of counsel in this cause, no sufficient reason, as we think, is shown why the motion for a rehearing should be granted.

The land purchased by Dibrell at sheriff's sale on the judgment and execution in favor of himself and C. C. Dibrell against Erskine is subject to the payment of Erskine's note to Smith. Dibrell by his purchase took it subject to the debt, and the decree should be rendered so as to make Erskine's part of the land purchased by Dibrell at sheriff's sale liable to the extent of satisfying Erskine's note, without a personal judgment against Dibrell for its payment.

Dibrell, having purchased under an execution in favor of himself, with notice that the note was unpaid, cannot be regarded as a purchaser who has advanced a valuable consideration on the faith of his purchase. The note in

29

question was given long after the execution of the mortgage by St. Clair to Smith, and could not be merged in it.

Erskine and Dibrell were bound for the payment of the whole purchase money before it was agreed to look to each for his share of one-half.

Erskine testifies that nothing was said about a lien at the time he gave his note. Smith says Dibrell told him that the land would be bound for all the unpaid purchase money.

As the case will be reversed and remanded, the parties will have the opportunity of offering further proof on the question, if desired.

MOTION REFUSED.

JUDGE PETER W. GRAY resigned April 18, 1874.